**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DIANNE ROBERTA ADENIJI,

    Plaintiff,

                                                    CASE NO. 3:13-cv-361-J-34TEM

vs.

FLORIDA STATE COLLEGE,
et al.,

    Defendants.
_____

### REPORT AND RECOMMENDATION[1]

This case is before the Court on an affidavit of indigency (Doc. #2, "Affidavit) filed by Plaintiff as a *pro se* litigant. The Affidavit contains Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which the Court construes as a motion for its consideration. Section 1915 also provides the Court with authority to review the complaint (Doc. #1, "Complaint") filed with the Affidavit. *See* 28 U.S.C. § 1915(e)(2). Upon review and consideration these documents the undersigned finds this suit is subject to dismissal.

The Court may, upon a finding of indigency, grant *in forma pauperis* status to a plaintiff. 28 U.S.C. § 1915(a)(1). This statute authorizes a plaintiff to commence an action without prepaying costs, fees, or security. *Id.* The United States Supreme Court has recognized, "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."

---

[1]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

*Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Thus, courts are empowered with discretion to dismiss an action, *sua sponte*, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the complaint seeks monetary relief against a defendant who is immune from such relief.  *See id.*;  28 U.S.C. § 1915(e)(2).   A suit "is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke,* 490 U.S. at 325.

In this instance, the undersigned finds Plaintiff's claims are barred by *res judicata* Therefore, this litigation lacks an arguable basis in law and should be dismissed. Accordingly, it is respectfully recommended that the construed motion to proceed *in forma pauperis* be denied, and the Complaint be dismissed with prejudice.[2]

Plaintiff previously filed suit against the Defendant, Florida State College, based on the same allegations she raises in this suit. *See Adeniji v. Florida State College*, Civ. Action No. 3:11-cv-443-J-34TEM (M.D. Fla. May 4, 2011) (Doc. #1, complaint).[3]  In *Adeniji I*, Plaintiff was given the opportunity to file an amended complaint, to which the defendants responded with a motion to dismiss.  *Adeniji I* subsequently was dismissed on May 15, 2012, upon the adoption of the undersigned's Report and Recommendation. The Order dismissing the case granted the defendants' motion to dismiss the amended complaint, but did not specify whether dismissal was with or without prejudice. Following that dismissal, Plaintiff appealed the decision to the Eleventh Circuit, which ultimately dismissed the appeal for failure to prosecute on December 21, 2012.  Thereafter, Plaintiff filed this suit on April 8, 2013.

---

[2]In this action, Plaintiff captions the case as against "Florida State College, et al.", but failed to identify any parties as defendants, other than Florida State College.

[3]Hereafter, the Court will refer to the earlier action as *Adeniji I*.

A review of Plaintiff's Complaint (Doc. #1) reveals she attempts to allege the same causes of action as she did in 2011.  Moreover, it is clear from the face of the Complaint in this litigation that Plaintiff's claims arise from the same factual predicate as in the prior proceeding.  That factual predicate involves the circumstances related to the April 2011 trespass citation issued to Plaintiff by a security guard at Florida State College.  The gravamen of both complaints is that the actions of Florida State College in 2011 illegally discriminated against Plaintiff because it denied Plaintiff equal protection for access to public facilities on the bases of Plaintiff's race, color, religion, national origin and sex.

The dismissal of *Adeniji I* operates as an adjudication in that case. Pursuant to Fed. R. Civ. P. 41(b), ". . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits."  Even when the dismissal is ordered by the court on its own motion rather than on a motion by the defendant, the dismissal may act as an adjudication on the merits if the court does not otherwise specify. *See, e.g., Bierman v. Tampa Elec. Co.*, 604 F.2d 929, 930-31 (5th Cir.1979) (where the trial court dismissed for failure to prosecute but did not specify whether it was dismissing the case with prejudice or without prejudice, the appellate court treated the dismissal as an adjudication on the merits).[4]  Under the doctrine of *res judicata*, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could

---

[4]Decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding precedent on federal courts within the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

3

have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001).

In order for a cause of action to be barred by the doctrine of *res judicata*, the following four (4) elements must be met: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same cause(s) of action. *Id.*   In this case, the undersigned finds all four elements required to bar an action pursuant to the doctrine of *res judicata* clearly have been met. First, the prior case filed by Plaintiff, as discussed above, was brought in a court of competent jurisdiction. Second, Plaintiff and Defendant are the same parties to each suit.[5] Third, the District Court's dismissal of *Adeniji I* stands as a final judgment. Finally, the undersigned finds this action involves the same causes of action as in the prior case. Consequently, after a thorough review of the record, the undersigned finds this case arises from the same factual predicate and involves the same nucleus of operative facts as in the prior proceedings.

In reviewing the complaint, the undersigned applied "the liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute for establishing a viable cause of action. *See GJR Investments, Inc. v. County of Escambia Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998). Because the May 15, 2012, dismissal must be treated as an adjudication on the merits of the Plaintiff's claims, and because this action presents the same claims,

---

[5] *See supra* note 3.

it is barred by the doctrine of *res judicata*.[6]

Accordingly, it is respectfully **RECOMMENDED:**

1. Plaintiff's affidavit of indigency (Doc. #2), which the undersigned construes as a motion to proceed *in forma pauperis*, be **DENIED**.

2. The case be **DISMISSED** with prejudice pursuant to the doctrine of *res judicata*.

3. The Clerk be directed to terminate all pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida this 30th day of May, 2013.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
The Hon. Marcia Morales Howard
*Pro Se* Plaintiff
Counsel of Record

---

[6]This recommendation does not speak to the sufficiency of the Complaint under Fed. R. Civ. P. 8 or *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).