**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DIANNE ROBERTA ADENIJI,

        Plaintiff,

v.                                        Case No. 3:13-cv-361-J-34PDB

FLORIDA STATE COLLEGE,

        Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 23; Report), entered by the Honorable Thomas E. Morris, United States Magistrate Judge, on May 30, 2013. In the Report, Magistrate Judge Morris recommends that the Affidavit of Indigency (Doc. No. 2), construed as a Motion to Proceed In Forma Pauperis, be denied, and Plaintiff's Complaint (Doc. No. 1) be dismissed with prejudice because her claims are barred by the doctrine of res judicata. See Report at 4-5. On May 31, 2013, Plaintiff filed a "Citizen Complaint Intake Sheet" from the U.S. Attorney's Office which the Court construes as Plaintiff's objections to the Report (Doc. No. 24; Objections).[1] Defendant has not filed a response to the Objections, and the time for doing so has now passed. Thus, this matter is ripe for review.

---

[1] Upon review of the Objections, the Court notes that Plaintiff fails to address any specific findings or recommendations made by the Magistrate Judge. Instead, Plaintiff merely concludes that she "is still indigent." Objections at 2.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).  If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615 at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the record, and for the reasons stated in the Magistrate Judge's Report as supplemented herein, the Court will overrule Plaintiff's Objections, and accept and adopt the factual and legal conclusions recommended by the Magistrate Judge.

The Court briefly supplements the Magistrate Judge's discussion of the second element of res judicata to find that even if the District Court's dismissal of Plaintiff's previous lawsuit did not act as an adjudication on the merits, such that the doctrine of res judicata would be applicable, the Eleventh Circuit Court of Appeals' subsequent dismissal would.  As noted by the Magistrate Judge in the Report, Plaintiff previously filed suit against Defendant in this Court raising the same claims brought in this action.  See Adeniji v. Florida State College, Case No. 3:11-cv-443-J-34TEM ("Adeniji I").  Upon consideration of a motion to dismiss filed by the Defendants named in Adeniji I, the Court found that Plaintiff's complaint was due to be dismissed, and ordered, "This case is dismissed." Adeniji I, Doc. No. 44 at 2-3.  Following the dismissal of her case in Adeniji I, Plaintiff appealed the decision to the Eleventh Circuit Court of Appeals.  On September 20, 2012, the Eleventh Circuit denied

Plaintiff's motion for leave to proceed in forma pauperis on appeal, finding that "the appeal [was] frivolous." See Order Denying Motion to proceed in forma pauperis, No. 12-12747-D. Thereafter, on November 27, 2012, the Eleventh Circuit denied Plaintiff's motion for reconsideration of the Court's order dated September 20, 2012, because Plaintiff offered "no new evidence or arguments of merit to warrant relief." See Order Denying Motion for reconsideration, No. 12-12747-D. On December 21, 2012, the Eleventh Circuit dismissed Plaintiff's appeal for failure to prosecute because Plaintiff failed to pay the required docketing and filing fees. See Adeniji I, Doc. No. 51; see also Entry of Dismissal, No. 12-12747-D. The Eleventh Circuit's December 21, 2012 dismissal was a final judgment on the merits. See Frame v. United States, No. 3:10-cv-360-J-34JRK, 2010 WL 5951969, at *5 (M.D. Fla. Dec. 30, 2010) (noting that an Eleventh Circuit's dismissal of the plaintiff's appeal for failure to prosecute is a final adjudication on the merits); see also Jones v. New England Life Ins. Co., 974 F. Supp. 1476, 1480 (M.D. Ga. 1996) (finding the second element of res judicata met, and noting that the appeal process had run its course in that same action). Thus, even if this Court's dismissal of the complaint in Adeniji I did not act as an adjudication on the merits to satisfy the second element for the application of the doctrine of res judicata, the dismissal by the Eleventh Circuit Court of Appeals did. As such, Plaintiff's claims in this action are barred by the doctrine of res judicata.

In consideration of the foregoing, the Court determines that the Report and Recommendation, as briefly supplemented here, is due to be adopted as the opinion of the Court.

3

Accordingly, it is hereby **ORDERED:**

1. Plaintiff's Objections to the Report and Recommendation (Doc. No. 24) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. No. 23), as supplemented in this Order, is **ADOPTED** as the opinion of the Court.

3. The Affidavit of Indigency (Doc. No. 2), construed as a Motion to Proceed In Forma Pauperis, is **DENIED**.

4. This case is **DISMISSED with prejudice**.

5. The Clerk of the Court is directed to enter judgment dismissing the case, terminate all pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of December, 2013.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

i21

Copies to:

Pro Se Plaintiff
Counsel of Record